# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**GABE'S CONSTRUCTION COMPANY, INC.,**
      **Plaintiff,**

      **v.**                                  **Case No. 12-CV-00122**

**NATIONAL FIRE INSURANCE COMPANY**
**OF HARTFORD,**
      **Involuntary Plaintiff,**

      **v.**

**HOLLY PIPE CORPORATION, NST**
**CORPORATION, and CHARTIS PROPERTY**
**CASUALTY COMPANY,**
      **Defendants.**

---

## <u>DECISION AND ORDER</u>

On February 3, 2012, defendants removed this case from the Sheboygan County Circuit Court. Before me now is plaintiff's motion to remand the case to state court.

The relevant facts are as follows: In early 2010, plaintiff Gabe Construction Company, Inc. contacted defendant NST Corporation ("NST") about renting drill pipe, which is steel pipe used to facilitate drilling. Plaintiff sent NST a purchase order for the pipe. The terms and conditions accompanying the purchase order specified that the agreement would be governed by Wisconsin law and that the forum for all disputes related to the agreement would be the "circuit courts located in Sheboygan County, Wisconsin." NST responded to the purchase order by asking one of its affiliates, Holly Pipe Corporation ("Holly"), to supply the necessary pipe. Holly then sent plaintiff its "Standard U.S. Equipment Rental/Services Agreement" (the "Rental Agreement"), which plaintiff signed

on March 24, 2010. The Rental Agreement called for the application of the law of the state where the equipment was to be delivered, and it did not limit disputes between the parties to any particular forum. After plaintiff signed the Rental Agreement, Holly delivered the pipe.

Unfortunately, the pipe broke during installation, and, on April 29, 2010, plaintiff sent NST a demand letter notifying NST about the breakage. The letter informed NST that plaintiff was still investigating the cause of the breakage, but that the damage was estimated to be $550,000. Over a year later, on September 12 and 13, 2011, plaintiff served defendants with the complaint in this lawsuit. The complaint alleged that plaintiff had suffered damages "in excess of Ten Thousand and No/100 Dollars ($10,000)." (Compl. 3.) On January 13, 2012, during discovery, plaintiff provided defendants with a sworn statement of loss indicating that plaintiff was claiming over $700,000 in damages. Relying on this statement of loss, defendants removed the case to this court on February 3, 2012. The notice of removal alleges that this court has jurisdiction to hear this case under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

A defendant can remove a civil action from a state court to a federal district court as long as the district court has subject matter jurisdiction over the case as originally filed. 28 U.S.C. § 1441(a). A defendant wishing to remove a case must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Id. § 1446(b)(1).

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise,

of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Id. § 1446(b)(3).

As an initial matter, this court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000. Nonetheless, plaintiff contends that removal was improper for two reasons: 1) defendants are bound by the forum selection clause in the purchase order, which designates the Sheboygan County Circuit Court as the exclusive forum for the parties' dispute; and 2) defendants' notice of removal was untimely.

First, defendants are not bound by the forum selection clause in the purchase order. To form a valid contract, there must be both an offer and an acceptance. Plaintiff made an offer when it issued the purchase order, but defendants declined to accept it. Instead, Holly made a counter offer by asking plaintiff to sign the Rental Agreement, which contained different terms than the purchase order. See Todorovich v. Kinnickinnic Mut. Loan & Bldg. Ass'n, 238 Wis. 39 (1941) (holding that an acceptance that varies from the terms of an offer amounts to a rejection of the offer and constitutes a counteroffer); see also Restatement (Second) of Contracts § 59 (1981). Plaintiff accepted the counteroffer by signing the Rental Agreement. Thus, the Rental Agreement, not the purchase order, governs the parties' relationship, and defendants are not required to litigate this dispute in the Sheboygan County Circuit Court.

Second, defendants' notice of removal was timely. The complaint served on defendants in September 2011 did not give defendants notice that this was a proper case for removal. The complaint alleged that the parties were diverse but claimed damages only

3

"in excess of [$10,000]." Therefore, defendants could not remove the case unless they received some "other paper" giving them notice that the amount in controversy actually exceeded $75,000. See 28 U.S.C. § 1446(b)(3). Plaintiff claims that the April 2010 letter demanding $550,000 constituted a sufficient "other paper," and so defendants should have removed the case immediately upon receiving the complaint. However, a demand letter sent prior to the filing of a formal complaint is not a reliable indicator of the amount of damages a plaintiff is actually seeking. Thus, a defendant need not remove based on a pre-suit demand letter. Chapman v. Powermatic, Inc., 969 F.2d 160, 163–64 (5th Cir. 1992). The 30-day clock for filing a notice of removal in this case did not begin to run until January 13, 2012 when defendants received the sworn statement from plaintiff indicating that its loss was over $75,000. Defendants filed their notice of removal within 30 days thereafter.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to remand [DOCKET #8] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of May 2012.


s/ Lynn Adelman
LYNN ADELMAN
District Judge

4